IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. MCNEELEY | ) CASE NO. 1:10CV0314 |
| Plaintiff, | ) |
| | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| CURRENT DIR. OF OHIO-D.R.C., et al. | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants. | ) |

Plaintiff *pro se* Robert M. McNeeley brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Current Director of Ohio Department of Rehabilitation and Correction and Ohio Adult Prole Officer Laura Templeton, The following facts were taken from Plaintiff's Complaint. On August 30, 1987, while he was incarcerated at Orient Correctional Institution, he was attacked as he slept in a dormitory type unit. Because of this attack, he developed Post Traumatic Stress Disorder ("PTSD") which causes him to fear being housed in a dormitory. When he lives in a dormitory he cannot sleep because there is constant movement, noise and the thought of a confrontation that occurred earlier in the day with someone who he knows will deal with him when he is sleeping. He asserts that PTSD and alcoholism have kept him in prison and on parole for the past 21 years. Plaintiff is being released to a halfway house which has a dormitory style situation which prison officials know will cause him to violate his parole and return him to prison. He states, "Or just charge me with escape and then they can keep me in prison until I die a natural death or hang myself because I cannot take anymore, and I will not take any more." Complaint pg. 7. Plaintiff requests that this Court compel Defendants to cease and desist in forcing him into a life-threatening environment, i.e., any dormitory or other dangerous environment that will


cause PTSD and alcoholism.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich., 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reason, the Court finds the claim asserted in this action satisfies these criteria.

42 U.S.C. § 1983 provides a remedy for actions under color of law which contravene federally protected rights, whether those rights derive from the Constitution or from a federal statute. *Abdulsalaam v. Franklin County Bd. of Com'rs*, 637 F. Supp.2d 561, 574 (S.D. Ohio, 2009) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). The statute provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...." In order to establish liability under § 1983, the plaintiff must show that (1) he was deprived of a right secured by the

United States Constitution or the laws of the United States and (2) he was subjected or caused to be subjected to the constitutional deprivation by a person acting under color of state law. *Searcy v. City of Dayton,* 38 F.3d 282, 286 (6th Cir.1994) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)). Since Section 1983 does not provide a source of substantive rights and does not provide redress for common law torts a plaintiff must allege a violation of a federal right. *Davenport v. Simmons*, 192 F.Supp.2d 812, 817-18 (W.D. Tenn., 2001) (citing *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir.2000).

Plaintiff does not mention the deprivation of any specific right. A prisoner does not have a constitutional right to placement in any particular prison or in any particular section within the prison system. *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir.1995). The protections of the Due Process Clause are not invoked by a change in the conditions of confinement that have an adverse impact on the prisoner. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460 (1989) *partially overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes,* 427 U.S. 236, 242 (1976); *Holloway v. Marberry*, 2007 WL 1880386 * 2 (E.D. Mich., Jun. 27, 2007). Ohio law allows placement in a halfway house. R.C. 2929.16 provides in pertinent part:

> Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section.... Community residential sanctions include, but are not limited to, the following:
> (4) A term in a halfway house;...

Plaintiff does not have the right to be placed in a halfway house of his choosing.

3

Accordingly, Plaintiff's Request to Proceed *In Forma Pauperis* is granted. (ECF 2). This action is dismissed pursuant to *Iqbal*, 129 S.Ct. at 1949.

IT IS SO ORDERED.

Date: *5/12/10*  /s/*Dan Aaron Polster*
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE